IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES

v.  No.: 1:17-cr-137-MPM

DARMARCUS FISHER

ORDER

Darmarcus Fisher, through appointed counsel, requests a sentence modification pursuant to 18 U.S.C. § 3582(c)(2) [47]. The Government opposes the requested relief [48]. This Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

RELEVANT BACKGROUND

Darmarcus Fisher pled guilty to the charge of felon in possession of a firearm. The charge arose from his involvement in a shootout between rival gangs while on supervised release; one of his bullets struck a vehicle occupied by a mother and her 6-year-old child, while another struck a neighboring living room window. According to the Presentence Investigation Report, Fisher had a Criminal History Category of III when he was sentenced because he had 5 points, 2 of which were status points. As a result, his sentencing guideline range was 46-57 months imprisonment. However, this Court sentenced Fisher to a 120-month term of imprisonment on September 13, 2018, which the Fifth Circuit affirmed on appeal. *United States v. Fisher*, 777 F. App'x 749, 751 (5th Cir. 2019). According to the Bureau of Prisons, his anticipated release date is June 26, 2025.

Sentencing Guidelines Amendment 821 amended USSG § 4A1.1 to add a single status point only if the defendant receives 7 or more criminal history points. U.S. SENTENCING GUIDELINES MANUAL § 4A1.1(e) (U.S. SENTENCING COMMISSION 2023). Under the new calculation, Fisher has no status points, which puts him in Criminal History Category II and

reduces his term of imprisonment range to 41-51 months. Fisher therefore requests a reduction "to a sentence the court deems appropriate."

Fisher has a long and troubling criminal history. Before his current conviction, he was incarcerated three times as a juvenile and once as an adult. While on supervision for his first adult charge, he violated his terms of release four times. During his current incarceration, he has had four disciplinary incidents for insolence to a staff member, disruptive conduct, possession of drugs, and failure to stand count. The most recent disciplinary incident occurred on March 29, 2022.

## DISCUSSION

Courts generally may not modify a term of imprisonment once the term has been imposed, but courts may modify a term if the Sentencing Commission subsequently lowers the sentencing range pursuant to 28 U.S.C. 944(o). 18 U.S.C. § 3582(c)(2). Courts follow a two-step analysis to determine whether a sentence reduction is appropriate: "(1) determine the defendant's eligibility for sentence modification and what amended guideline range would have been applicable; and (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted under the particular circumstances of the case." *United States v. Dilworth*, No. 3:22-CR-51-SA, 2024 WL 4046588, at *1 (N.D. Miss. Sept. 4, 2024) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). A district court's reasons for denying a § 3582(c) motion only need enough detail to allow for meaningful appellate review. *Chavez-Meza v. United States*, 585 U.S. 109, 115-16 (2018); *United States v. Patel*, No. 24-20233, 2024 WL 4274346, at *1 (5th Cir. Sept. 24, 2024) (citing *United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009)).

Here, the Government concedes Fisher is eligible for a sentence reduction, but the parties dispute whether the § 3553(a) factors support a reduction. Fisher argues the § 3553(a) factors

support reduction because he is currently employed, has had "only" four disciplinary incidents with the last one having occurred over two years ago, and has enrolled in numerous skills courses in addition to his GED. The Government argues his original sentence is appropriate because of the offense committed, his criminal history, and his disciplinary infractions while incarcerated.

Having reviewed the Presentence Report [33], Sentencing Commission's policy statements, the motion and response, and § 3553(a) factors, this Court will not reduce Fisher's sentence. The gravity of the offense justifies maintaining the sentence as is, especially given the risk to innocent bystanders. In addition, his four disciplinary incidents in the past six years indicates that he remains a threat to the public.

As a result, the Court finds that reducing Fisher's sentence is inappropriate.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendant Darmarcus Fisher's Motion for Sentence Reduction [47] is **DENIED** as the Section 3553(a) factors do not support reducing the imposed sentence.

SO ORDERED this 15th day of October 2024.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI